DOC NO
REC'D/FILED

2016 MAR -8 AM 10: 18

PETER OPPENEER
CLERK US DIST COURT
WD OF WI

# ATTACHMENT 1

# COMPLAINT FORM

(for non-prisoner filers without lawyers)

IN THE UNITED STATES DISTRICT COURT
FOR THE _Western___ DISTRICT OF _Wisconsin_

(Full name of plaintiff(s))

June E. Roords-Rheaume

vs

(Full name of defendant(s))

Univ. of Wisc. State Laboratory of Hygiene
Attorney John C. Dowling (retired)
Attorney Brian D. Vaughan
Personnel Director Sandra K. Prisbe
Personnel Director Cynda Demontigny
Supervisor Barb Woehrl
_____ defeated by JERR, plaintiff.

Case Number:

## 16 C 146 -jdp

(to be supplied by clerk of court)

A.    PARTIES

1.    Plaintiff is a citizen of _Florida_ and resides at
                                        (State)

3828 Junction St. North Port, Florida 34288
                        (Address)

(If more than one plaintiff is filing, use another piece of paper).

Attachment One (Complaint) – 1

Univ-of Wisc State Laboratory of Hygiene

2. Defendant's Attorney Brian D. Vaughan and
personnel Director Cynda Demontigny                (Name)

is (if a person or private corporation) a citizen of ___Wisconson___

(State, if known)

and (if a person) resides at ___Unknown___

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for Univ. of Wisc. State Laboratory of Hygiene, 465 Henry Mall,
Madison, WI. 53706 and Mr. Vaughan (Employer's name and address, if known)
500 Lincoln Dr. 361 Bascom Hall, Madison, WI 53706
(If you need to list more defendants, use another piece of paper.) See attached.

B.    STATEMENT OF CLAIM

I JUNE E. ROUNDS-RHEAUME (THE COMPLAINANT) WORKED FOR THE UNIV. OF WISC. STATE LABORATORY OF HYGIENE FROM JUNE 1978 UNTIL JUNE 2004. I HAD AN ACCEPTED WI ERD/EEOC CASE IN 2007 FOR RETALIATION AGAINST THIS EMPLOYER. THE WISC. ADMIN. LAW JUDGE SAID SHE HAD NO AUTHORITY OVER A CRIME I BELIEVED WAS INVOLVED WITH MY CASE AND I DID NOT SIGN A SETTLEMENT STATEMENT TO RELEASE THE RESPONDENT FROM WRONG DOING WHICH THE JUDGE SAID WAS ROUTINE. I DID NOT CONTINUE WITH THE CASE BECAUSE I BELIEVED OBSTRUCTION OF JUSTICE COULD BE INVOLVED, AND COMPLAINED TO SEVERAL WISC. AGENCIES. I BELIEVE THAT DISCRIMINATION WAS BEING USED TO COVER UP CRIMES AND POSSIBLE CORRUPTION AT THE UNIV. OF WISC. STATE LAB. OF HYGIENE.. THIS IS WHY I BELIEVE THE DISCRIMINATION HAPPENED. MY LAST COMPLAINT WAS TO THE UNIV. OF WISC. CHANCELLOR.

AFTER MY COMPLAINTS TO THE UNIV. WISC. CHANCELLOR ON DEC. 5TH 2013 I RECEIVED AN EMAIL FROM THE UNIV. OF WISC. STATE LABORATORY OF HYGIENE ATTORNEY MR. DOWLING (NOW RETIRED) ON JAN. 29TH, 2014 CRITICIZING MY COMPLAINTS INCLUDING MY COMPLAINTS TO THE WISC. ERD/EEOC AND SAID TO COMMUNICATE IN THAT REGARD TO ONLY HIM AND AGAIN TOLD ME BY EMAIL ON JAN. 30TH OF 2014 THE UNIV. COULD NOT BE OF FURTHER ASSISTANCE TO ME ME (I HAD ASKED FOR ASSISTANCE TO FIND EMPLOYMENT).

I FILED AGAIN WITH THE WI ERD/EEOC CLAIMING THE RESPONDENT (UNIV. WISC. STATE LAB. OF HYGIENE) WAS STILL RETALIATING FOR MY MAKING VARIOUS DISCRIMINATION/RETALIAION COMPLAINTS. THIS WAS A TIMELY COMPLAINT. MY CASE WAS ACCEPTED BY THE WI ERD, CROSS FILED WITH THE EEOC, I HAD INCLUDED IN MY COMPLAINT TO THE WI ERD/EEOC THE RESPONDENT'S DIS-ASSISTANCE WITH A FALSE POSITION DISCRIPTION IN MY FINDING EMPLOYMENT. THE LABORATORY OF HYGIENE PERSONELL PRESENT DIRECTOR MS. DEMONTIGNY, AND PRESENT UNIV. WISC. ATTORNEY MR. VAUGHAN, TOLD THE WI ERD INVESTIGATOR THEIR POSITION DESCRIPTION OF MY DUTIES/EXPERIENCE WERE CORRECT (WHEN THEY WERE NOT) AND WOULD BE PROVIDED TO A POTENTIAL EMPLOYER IF ASKED TO.

Page 1 of 3

THE RESPONDENT ALSO HAD GIVEN ME A COPY OF IT. BECAUSE OF THIS I WOULD STILL NOT BE ABLE TO CLAIM THOSE DUTIES AND WORK EXPERIENCE WITHOUT EXPLAINING THIS CONFLICT TO A POTENTIAL EMPLOYER. I STOPPED INTERVIEWING FOR WORK INVOLVING THAT TYPE OF WORK EXPERIENCE AFTER FEBRUARY 18TH 2014 BECAUSE OF A NEGATIVE INTERVIEW EXPERIENCE IN WHICH I BELIEVE THE INTIMIDATION FROM ATTORNEY DOWLING AND THE RESPONDENT'S FALSE POSITION DESCRIPTION AFFECTED MY SELF CONFIDENCE AND RESULTED IN MY NOT BEING HIRED. THE PRESENT PERSONNEL DIRECTOR AND ATTORNEY CLAIMED SINCE THE POTENITAL EMPLOYER DID NOT ASK THEM FOR A REFERENCE THEY WERE NOT RESPONSIBLE (AUG 27. 2014). THE RESPONDENT FINALLY DID CORRECT MY WORK DUTIES/EXPERIENCE IN OCT. OF 2015 WITH THE SUGGESTION OF THE WISC. ERD ADMIN. LAW JUDGE ROSE ANN WASSERMAN. I RECEIVED A 'REFERENCE LETTER' FROM THEM WITH THOSE SPECIFIC WORK EXPERIENCE/DUTIES INCLUDED TO GIVE TO A POTENTIAL EMPLOYER. THE RESPONDENT SHOULD HAVE DONE THIS AT THE TIME I FILED A COMPLAINT.

I BELIEVE MY SEVERAL COMPLAINTS AGAINST THE RESPONDENT CAN GO BEYOND THE 300 DAY TIME LIMIT BECAUSE I HAD MADE A WRITTEN UNION GRIEVENCE COMPLAINT TO THE RESPONDENT IN 2004 BEFORE I QUIT MY EMPLOYMENT WITH THEM ASKING THE PRESONNEL DIRECTOR SANDRA K. PRISBE AND SUPERVISOR BARB WOEHRL FOR A NON-HOSTILE, NON-DISCRIMINATORY WORK PLACE. THEY RETALIATED IMMEDIATELY IN 2004 WITH A ONE DAY SUSPENSION WITHOUT PAY BASED ON FALSEIFIED PERFORMACE STATEMENTS OF MY WORK DUTIES, AND CHARACTER. ALSO, THE RESPONDENT WAS ASKED TO PROVIDE THEM TO A POTENTIAL EMPLOYER ALONG WITH MYSELF (UNLESS THE RESPONDENT HAD VIOLATED MY CIVIL RIGHTS) IN 2007 WHICH THE RETALIATION CASE OF 2007 WAS BASED ON. THE PRESENT ATTORNEY, BRIAN D. VAUGHAN, AND PERSONELL DIRECTOR CYNDA DEMONTIGNY, FAILED TO INVESTIGATE MY CLAIM OF A FALSE POSITION DESCRIPTION. I BELIEVE MY DISCRIMINATION/RETALIATION COMPLAINTS ARE RELATED, ON GOING, AND DISCRETE. I TOLD THIS TO THE WI ERD IN MARCH OF 2015 AND WAS REVIEWED BY THE EEOC INVESTIGATOR WHO ISSUED RIGHT TO SUE.

THE SUPERVISOR BARB WOEHRL, AND PERSONNEL DIRECTOR, SANDRA K. PRISBE IN 2004 AT THE LAB. OF HYGIENE HAD MADE FALSE STATEMENTS ABOUT MY CHARACTER, WORK/ PERFORMANCE, AND TOOK ACTIONS AGAINST ME AS IF THOSE STATEMENTS WERE TRUE AFTER I HAD ASKED FOR A NON HOSTILE, NON DISCRIMINATORY WORK PLACE. THE TWO YOUNGER MALE EMPLOYEES I HAD COMPLAINED ABOUT I BELIEVE ARE NO LONGER WORKING THERE. MY POSITION DESCRIPTION WAS FALSE AND THE PRESENT PERSONNEL DIRECTOR AND ATTORNEY IN 2014 DID NOT CORRECT IT WHEN THEY SHOULD HAVE ACTING AS IF IT WAS TRUTHFUL FAILING TO INVESTIGATE IT FIRST. IT WAS HARMFUL TO MY EMPLOYMENT OPPORTUNITIES WHICH I AM CLAIMING IS ON-GOING RETALIATION. ALSO, MR. DOWLING TRIED TO CONTROL AND SUBDUE MY COMPLAINTS BY SAYING TO ONLY COMMUNICATE WITH HIM WHICH IS INTIMIDATION AND AGAINST FEDERAL LAW. HIS CRITICAL RETORT OF MY COMPLAINTS TO THE WI ERD/EEOC WAS FURTHER RETALIATION.

Jone E. Rounds-Rheaume                                        page 2

Attachment from Part A Question 2

DEFENDANT:  ATTORNEY JOHN C. DOWLING (RETIRED) FOR THE UNIV. OF WISC. STATE LABORATORY OF HYGIENE.   CITIZEN OF WISCONSIN, PRIOR EMPLOMENT ADDRESS;  500 LINCOLN DR. 361 BASCOM HALL, MADISON WI 53706

DEFENDANT:  SANDRA K. PRISBE, PRIOR PERSONNEL DIRECTOR FOR THE STATE LABORATORY OF HYGIENE   CITIZEN OF WISCONSIN, PRIOR EMPLOYMENT ADDRESS;  465 HENRY MALL, MADISON, WISC. 53706.  WHILE WORKING AT ENVIRONMENTAL SECTION AT 2601 AGRICULTURE DR. MADISON, WI. 53718.

DEFENDANT:  BARB WOEHRL, PRIOR SUPERVISOR AT STATE LABORATORY OF HYGIENE ENVIRONMENTAL SECTION.  CITIZEN OF WISCONSIN,  2601 AGRICULTURE DR.  MADISON, WISC.  53718.

1