IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUNE E. ROUNDS-RHEAUME,

Plaintiff,

v.

UNIVERSITY OF WISCONSIN STATE LABORATORY OF HYGIENE, ATTORNEY JOHN C. DOWLING, ATTORNEY BRIAN D. VAUGHAN, PERSONNEL DIRECTOR SANDRA K. PRISBE, PERSONNEL DIRECTOR CYNDA DEMONTIGNY, and SUPERVISOR BARB WOEHRL,

Defendants.

OPINION & ORDER

16-cv-146-jdp

---

Pro se plaintiff June Rounds-Rheaume used to work at defendant University of Wisconsin State Laboratory of Hygiene (the Lab). She alleges that after she quit, the Lab and other individual defendants prevented her from finding other employment by refusing to give prospective employers an accurate description of her position with the Lab. I granted plaintiff leave to proceed against the Lab with a Title VII retaliation claim. Dkt. 4. I also granted plaintiff leave to proceed against the individual defendants with First Amendment retaliation claims. *Id.*

The Lab has now moved to dismiss plaintiff's Title VII claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 10. The Lab contends that it is not a suable entity, and so plaintiff has failed to state a claim against it upon which relief can be granted. *Id.* I will grant the Lab's motion to dismiss. But I will add the Board of Regents of the University of Wisconsin System—the proper defendant for plaintiff's Title VII claim—to this case.

ALLEGATIONS OF FACT

I draw the following facts from plaintiff's amended complaint, accepting them as true for purposes of reviewing the Lab's motion to dismiss. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010). I summarized plaintiff's allegations in my screening order, Dkt. 4, and so I will repeat only the pertinent allegations here.

Plaintiff worked for the Lab from 1978 to 2004. The individual defendants are all current or former employees of the Lab.

In 2004, while plaintiff was still working for the Lab, she filed a written grievance with her union. Plaintiff asked "for a non-hostile, non-discriminatory work place." Dkt. 1, at 3.[1] In retaliation for filing the grievance, two of the individual defendants issued plaintiff a suspension without pay "based on falsified performance statements of [plaintiff's] work duties, and character." *Id.* Plaintiff quit her job later that year.

In 2007, plaintiff filed a charge of retaliation with the Wisconsin Department of Workforce Development—Equal Rights Division (ERD) and with the federal Equal Employment Opportunity Commission (EEOC). The charge related to the retaliation that plaintiff had experienced in 2004. Plaintiff dropped her charge because she "believed obstruction of justice could be involved." *Id.* at 2. But the Lab continued to retaliate against plaintiff by refusing to provide an accurate description of plaintiff's position, experience, or character to plaintiff's prospective employers. Plaintiff eventually stopped interviewing for work because she could not accurately describe the duties of her position with the Lab to prospective employers without getting into the conflict that led her to leave her job.

[1] In different parts of her complaint, plaintiff alleged that she complained about "two younger male employees," Dkt. 1, at 3, and that she complained about "crimes and corruption at the" Lab, *id.* at 2.

At some point, plaintiff filed another charge with the ERD and with the EEOC. The case progressed far enough that an administrative law judge recommended that the Lab correct plaintiff's position description, which it did in October 2015. Plaintiff received a "reference letter" from the Lab with an accurate description of her job duties, and she now alleges that the Lab should have provided this description when she filed her initial complaint. *Id.* at 3.

ANALYSIS

The Lab moves to dismiss plaintiff's Title VII retaliation claim against it pursuant to Rule 12(b)(6). In reviewing the Lab's motion to dismiss for failure to state a claim, I construe the complaint in the light most favorable to plaintiff, accepting her well-pleaded facts as true and drawing all reasonable inferences in plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "To survive a motion to dismiss, the complaint must contain enough facts to state a claim for relief that is plausible on its face." *Id.*

The Lab contends that it is not a suable entity. Pursuant to Rule 17(b), I must look to state law to determine whether the Lab has the capacity to be sued.[2] Under Wisconsin law, the Lab is not an independent entity; it is a "special program" that is "attached to the University of Wisconsin-Madison." Wis. Stat. § 36.25(11)(a). UW-Madison itself is not a suable entity. *Alawiye v. Univ. of Wis.-Madison*, No. 06-cv-233, 2006 WL 1941999, at *1

[2] Based on the allegations in the complaint and on the relevant Wisconsin statutes, the Lab does not appear to be "a partnership or other unincorporated association" which plaintiff could sue in its common name pursuant to Rule 17(b)(3)(A) to enforcer her substantive rights under federal law.

(W.D. Wis. July 11, 2006). This means that plaintiff cannot sue the Lab directly. *See also Edwards v. Wis. Dep't of Corr.*, No. 04-cv-664, 2004 WL 2473259, at *4 (W.D. Wis. Nov. 1, 2004) (concluding that the Wisconsin State Laboratory of Hygiene is "not capable of being sued"). Instead, the proper defendant for plaintiff's Title VII claim is the Board of Regents of the University of Wisconsin System, which governs the schools and programs within the university. Wis. Stat. § 36.09.

Pursuant to Rule 21, I will substitute the Board of Regents as a defendant, in place of the Lab. Although the Board of Regents is entitled to formal service of plaintiff's summons and complaint, it may be efficient for all parties to avoid that formality. The Attorney General's office—which is already representing the other defendants—will presumably also represent the Board of Regents. By July 27, 2016, counsel for defendants should indicate whether they will accept service for the Board of Regents. If counsel accepts service, then the Board of Regents may have until August 10, 2016, to answer or otherwise respond to plaintiff's complaint.

Plaintiff should be aware that her Title VII claim has other potential problems. As I noted in my screening order, plaintiff's Title VII claim might not be timely. Dkt. 4, at 6-7. Once the Board of Regents has appeared, it may pursue this defense as appropriate.

ORDER

IT IS ORDERED that:

1. Defendant University of Wisconsin State Laboratory of Hygiene's motion to dismiss, Dkt. 10, is GRANTED. Defendant University of Wisconsin State Laboratory of Hygiene is DISMISSED from this case.

2. The clerk's office is directed to amend the caption of this case to include the Board of Regents of the University of Wisconsin System as a defendant.

3. By July 27, 2016, counsel for defendants must indicate whether the Attorney General's office will accept service on behalf of the Board of Regents.

Entered July 20, 2016.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge